UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Nicholas Willing,<br><br>        Plaintiff<br><br>v.<br><br>State of Nevada, et al.,<br><br>        Defendant | Case No. 2:25-cv-00623-CDS-BNW<br><br>**Order Denying Motion to Recuse**<br><br>[ECF No. 12] |

This is a civil action brought by pro se inmate Nicholas Willing. Compl., ECF No. 9. On June 11, 2025, Willing filed a motion for recusal. Mot., ECF No. 12. For the reasons set forth herein, the motion is denied.

I. **Legal standard**

Title 28, United States Code, Section 144 provides for disqualification "whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice . . . against him or in favor of any adverse party. . . ." Section 455(b)(1) of the same Title provides that a judge shall disqualify herself "where [she] has a personal bias or prejudice concerning a party." 28 U.S.C. § 455(b)(1). "The standard for recusal under 28 U.S.C. §§ 144 and 455 is 'whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'"[1] *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). In this context, the "reasonable person" is not someone who is "hypersensitive or unduly suspicious," but rather a "well-informed, thoughtful observer" who "understand[s] all the relevant facts" and "has examined the record and law." *United States v. Holland*, 519 F.3d 909, 914 (9th Cir. 2008)

---

[1] A motion under § 144 must be reassigned to another judge for resolution on the merits "[i]f the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal." *United States v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).

(citations omitted). This standard does not mandate recusal upon the mere "unsubstantiated suspicion of personal bias or prejudice." *Id.* (citation omitted). Although 28 U.S.C. § 144 "provides a procedure for a party to recuse a judge," § 455 of the same Title "imposes an affirmative duty upon judges to recuse themselves.'" *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

"Since a federal judge is presumed to be impartial, the party seeking disqualification bears a substantial burden to show that the judge is biased." *Torres v. Chrysler Fin. Co.*, 2007 WL 3165665, at *1 (N.D. Cal. Oct. 25, 2007) (citing *Reiffin v. Microsoft Corp.*, 158 F. Supp. 2d 1016, 1021–22 (N.D. Cal. 2001)).

II.     Discussion

Willing moves for my recusal and seemingly all judges in this district, claiming that my friends, family, and colleagues have "a pecuniary interest in the subject matter" of this action. ECF No. 12 at 2. He also seemingly challenges the existence of Nevada's state government and the state's constitution. *See id.* at 2–5. To support his motion, Willing attaches an affidavit[2] and various documents he argues supports his claims. *Id.* at 6–7, 12–84. As filed, the affidavit and documents violate Local Rule IC 2-2(3) which requires that exhibits and attachments "be attached as separate files[,]" not as part of the base document. *See* LR IC 2-2(3)(A).[3]

---

[2] The court broadly construes this affidavit as provided to support his motion for recusal under § 144, which requires the party seeking disqualification to "file[ ] a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice" concerning a party. 28 U.S.C. § 144.

[3] This means the exhibits should be filed as a separate attachment to the motion, and each exhibit should be labeled to separate them out (i.e. Exhibit A, Exhibit B, etc.). Here, Willing filed the motion and all the exhibits as one document. Willing is reminded that he is required to be familiar with, and to follow, all rules of this court. *See United States v. Flewitt*, 874 F.2d 669, 675 (9th Cir. 1989) (stating that pro se litigants are subject to the same good-faith limitations imposed on lawyers, as officers of the court); *Carter v. Comm'r*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). Willing is cautioned that failure to comply with the Federal Rules of Civil Procedure, the Local Rules of this District, and the orders of this court may result in future filings being denied or stricken and repeat violations may result in dismissal of a case. *Carter*, 784 F.2d at 1008–09 (collecting cases) (explaining that a pro se litigant is "expected to abide by the rules of the court in which he litigates"); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (reiterating that although courts "construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure"). The local rules are available at https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf. Willing is ordered to review the Local Rules.

Willing fails to meet the high burden showing recusal is appropriate. First, Willing fails to provide any meaningful analysis explaining how his apparent challenges to the State of Nevada's government or constitution impacts this court's ability to perform its function, as this court's authority is derived from Article III of the United States Constitution,[4] not Nevada's Constitution or any branch of the state's government. Second, Willing fails to provide any evidence to support his argument that I, or any of my colleagues, have pecuniary interest in this action. I am unaware of any such interest, or even how I could have such interest. Further, Willing fails to explain how the documents he attaches support his claim of "collusion/RICO events," or that his due process rights have been violated. Last, Willing fails to demonstrate that I have any personal bias or prejudice against him or in favor of any adverse party, nor that a reasonable person with knowledge of all the facts would conclude that my impartiality might reasonably be questioned. Accordingly, his motion for recusal is denied.

### III. Conclusion

IT IS HEREBY ORDERED that Willing's motion for recusal **[ECF No. 12] is DENIED**.

Date: June 20, 2025

_____
Cristina D. Silva
United States District Judge

---

[4] That provision provides that this court's "judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;—to all Cases affecting Ambassadors, other public Ministers and Consuls;—to all Cases of admiralty and maritime Jurisdiction;—to Controversies to which the United States shall be a Party;—to Controversies between two or more States;—between a State and Citizens of another State;—between Citizens of different States,—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects." U.S. Const. art. III, § 2, cl. 1.